IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

NO. 23-11900

_____

SIONIC MOBILE CORPORATION,

Appellant,

vs.

BERKELEY VENTURES II, LLC

Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

_____

APPELLEE'S MOTION TO DISMISS FOR LACK OF JURISDICTION
AND TO STAY MERITS BRIEFING

_____

WILMER PARKER, III
Malloy Jenkins Parker
1360 Peachtree Street
Suite 910
Atlanta, Georgia 30309
(404) 875-2700 (telephone)
Attorneys for Appellee

Appellee Berkeley Ventures II, LLC ("Berkeley") for the reasons given below moves to dismiss this appeal, as to the money judgment and order directing it, as the Court does not have subject matter jurisdiction, and requests the Court stay any merits briefing, pending the resolution of this motion. The grounds for this motion are:

## I.    FACTS

On June 8, 2023, Appellant Sionic Mobile Corporation ("Sionic") filed a Notice of Appeal seeking review of the district court's May 9, 2023, order denying Sionic's motion, pursuant to Rule 60(b)(6) Fed. R. Civ. P., for relief (Doc. 274); the district court's December 16, 2022 Order directing the Clerk to enter judgment in favor of Berkeley and against Sionic in the amount of $1,050,000 (Doc. 260); and the Clerk's December 16, 2022 Judgment. (Doc. 261). *See* Exhibit A, herein.

## ARGUMENT

### THE APPEAL SHOULD BE DISMISSED FOR LACK OF JURISDICTION AS THE NOTICE OF APPEAL OF THE JUDGMENT WAS UNTIMELY

Sionic's notice of appeal states it is appealing the final judgment that was entered on December 16, 2022, and the district court's order of May 9, 2023 denying Sionic's motion to set aside the judgment. This appeal should be dismissed as this Court lacks jurisdiction over this subject matter.

### 1.    *The Court Lacks Jurisdiction Over Sionic's Appeal From The Final Judgment and Order Granting Motion to Enforce Because The Notice Of Appeal Was Untimely.*

The district court by order dated December 16, 2022 directed the Clerk to enter a final money judgment in favor of Berkeley in the amount of $1,050,000.00. *See* Exhibit B, herein. The Clerk entered the final money judgment on December 16, 2022. *See* Exhibit C, herein.  The entry of final judgment triggered the time for Sionic to take post-judgment action.  Specifically, Sionic had thirty days to file a notice of appeal relating to the final judgment. *See* Fed. R. App. P. Rules 3(a)(1), 4(a)(1)(A) and 26(a)(1). As January 15, 2023, the 30th day, was a Sunday and Monday, the 16th, was a legal holiday, Sionic could have timely filed its notice of appeal on Tuesday, January 17, 2023; Rule 26(a)(1). It did not do so. Alternatively, Sionic could have filed specified post-judgment motions that, if timely filed, would have extended the time for it to file a notice of appeal relating to the final judgment.  Fed. R. App. P. 4(a)(4)(A).

Sionic did ***not*** file a notice of appeal within thirty days after the entry of the final judgment. It filed its notice of appeal as to the final judgment on June 8, 2023-173 days after December 16, 2022. Sionic did, however file on Tuesday, January 17, 2023 a motion to set aside the judgment seeking relief under Rule 60 of the Federal Rules of Civil Procedure. *See* Exhibit D, attached. That motion was untimely filed.

Rule 4(a)(4)(A)(vi) states, "If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such motion: for relief under Rule 60 *if the motion is filed no later than 28 days* after the judgment is entered." (emphasis added). Here, the Rule 60 motion should have been filed by Friday, January 13, 2023- the 28th day post-judgment. *See* Rule 26(a)(1), Fed. R. App. P. The filing of the untimely Rule 60 motion did not extend the time for Sionic to file a notice of appeal as to the final judgment.

The timely filing of a notice of appeal in a civil case is a jurisdictional requirement. *See Green v. Drug Enforcement Administration*, 606 F.3d 1296, 1300 (11th Cir. 2010) (quoting *Bowles v. Russell*, 551 U.S. 205, 214 (2007). "Untimely motions under Rule 59 and 60 will not toll the time for filing an appeal." *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1323 (11th Cir. 1996)(*per curium*). If Sionic wanted to appeal the final judgment, then it was required to file a notice of appeal within thirty days after the entry of the judgment; namely, January 17, 2023. However, Sionic did not file its notice of appeal of the final judgment until June 8, 2023. As this Court stated, "[ ] we may not entertain an appeal that is out of time; nor can a party waive or forfeit an objection to our jurisdiction." *Green, supra* at 1301.

This Court lacks jurisdiction over Sionic's appeal from the final judgment, Exhibit C, and the lower courts order, Exhibit B, directing the entry of the final

money judgment, as Sionic failed to file a notice of appeal within thirty days of the judgment.

### 2.    The Court's Jurisdiction Over Sionic's Appeal From The Denial of its Rule 60(b) Motion Is Limited.

Sionic's Rule 60(b) motion was untimely filed before the district court.  Even if this Court were to consider the appeal to the order denying the motion to set aside, the scope of appellate review for such motion is fairly circumscribed and deferential because it "does not bring up the underlying judgment for review."  *See Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (stating that the Court would consider only the denial of relief as to the Rule 60(b) motion itself, not the efficacy of the underlying judgment, on an abuse of discretion standard, and that a Rule 60(b) motion cannot be used as a substitute for proper and timely appeal of the district court's judgment).  Sionic did not timely pursue its appeal of the judgment. It cannot now, based on an untimely motion, use Rule 60(b) to circumvent its failure to properly appeal the initial adverse judgment.

An appeal of a Rule 60(b) motion is limited to the denial of that motion and does not bring up the underlying judgment for review. *See American Bankers Ins. Co. of Florida v. Northwestern Nat. Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999) ("An appeal of a ruling on a Rule 60(b) motion however, is narrow in scope, addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying judgment for review," citing *Browder v. Director, Dept. of*

*Corrections*, 434 U.S. 257, 263 n.7, 98 S. Ct. 556, 54L.Ed.2d 521 (1978). Because of this limitation, the law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal. *Gulf Coast Fans, Inc. v. Midwest Elecs., Importers*, 740 F.Ed 1499, 1507 (11th Cir. 1984) ("Rule 60(b) does not extend the time for filing a notice of appeal.").[1]

## CONCLUSION

For these reasons, as to the money judgment and order directing it, this appeal should be dismissed for lack of jurisdiction. Berkeley requests this Court stay the merits briefing schedule until the resolution of this motion.

Respectfully submitted,

MALOY JENKINS PARKER
Attorneys for Appellee
1360 Peachtre Street
Suite 910
Atlanta, Georgia 30309
(404) 875-2700


By: /s/  Wilmer Parker
       WILMER PARKER III
       Georgia Bar No. 563550
       Email: parker@mjplaw.com

---

[1] Given the limited scope of review by this Court and the lack of evidence indicating the district court abused its discretion in denying Sionic's Rule 60(b) motion, the continued prosecution of this appeal cannot be said to be in good faith. Rather, in addition to a wasteful expenditure of judicial time and resources, the continuance of the appeal by Sionic is an effort to avoid satisfying its lawful debt.

## **CERTIFICATE OF COMPLIANCE WITH RULE 27(d)**

This brief complies with the requirements of Rule 27(d)(1)(e) of the Federal Rules of Appellate Procedure because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman, and the requirements of Rule 27(d)(2)(A) of because it contains 1,396 words.

By:  /s/  Wilmer Parker

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of July 2023, I electronically filed

the foregoing with the Clerk of the Court by using the CM/ECF System.


By:  /s/  Wilmer Parker

No. 23-11900

---

IN THE UNITED STATES COUR OF APPEALS FOR THE
ELEVENTH CIRCUIT

---

Sionic Mobile Corporation, Appellant/Defendant,

v.

Berkeley Ventures II, LLC, Appellee/Plaintiff

Appeal from the United States District Court for the
Northern District of Georgia, Atlanta Division
No. 1:19-cv-05523-VMC

---

APPELLEE'S CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT

---

Wilmer Parker, III
Maloy Jenkins Parker
1360 Peachtree Street
Suite 910
Atlanta, Georgia 30309
404.875.2700
parker@mjplawyers.com

<u>CERTIFICATE OF INTERESTED PERSONS</u>
<u>AND CORPORATE DISCLOSURE STATEMENT</u>

- Baker, Richard J., former Counsel for Appellant/Defendant Sionic Mobile Corporation and former Defendant Ronald D. Herman

- Berkeley Ventures II, LLC, Appellee/Plaintiff

- Burch, Carolyn "Tippi" Cain, Counsel for Appellant/Defendant Sionic Mobile Corporation and former Defendant Ronald D. Herman

- Busch, Bryan E., former Counsel for Appellee/Plaintiff Berkeley Ventures II, LLC

- Calvert, Victoria M., United States District Court Judge

- Godwin, Jason Brian, Counsel for Appellee/Plaintiff Berkeley Ventures II, LLC

- Herman, Ronald D., former Defendant and CEO of Defendant Sionic Mobile Corporation

- Jenner, Simon, former Counsel for Appellant/Defendant Sionic Mobile Corporation and former Defendant Ronald D. Herman

- Mirmelli, Laura H., former Counsel for Appellee/Plaintiff Berkeley Ventures II, LLC

- Parker, Wilmer "Buddy" III, Counsel for Appellee/Plaintiff Berkeley Ventures II, LLC

- Sionic Mobile Corporation, Appellant/Defendant

No parent corporation and no publicly held corporation owns 10% or more of stock of Appellee/Plaintiff Berkeley Ventures II, LLC.

Dated: July 21, 2023

/s/ Wilmer Parker
WILMER PARKER III
Georgia Bar No. 563550

Maloy Jenkins Parker
1360 Peachtree Street
Suite 910
Atlanta, Georgia 30309
404.875.2700
parker@mjplawyers.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 21, 2023, I served the within and foregoing Certificate of Interested Persons and Corporate Disclosure Statement by electronically filing it with this Court's ECF systems, which constitutes service on the following attorneys who have appeared in this case and are registered CM/ECF participants:

Jason Brian Godwin
Godwin Law Group
jgodwin@godwinlawgroup.com

Carolyn "Tippi" Cain Burch, Esq.
The Burch Firm, LLC
tippiburch@georgiaappealslaw.com

<u>/s/ Wilmer Parker</u>
WILMER PARKER III
Georgia Bar No. 563550

Maloy Jenkins Parker
1360 Peachtree Street
Suite 910
Atlanta, Georgia 30309
404.875.2700
parker@mjplawyers.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BERKELEY VENTURES II, LLC,          )
                                    )
Plaintiff,                          )
                                    )      Civil Action No.:
v.                                  )      1:19-cv-05523-VMC
                                    )
SIONIC MOBILE CORPORATION           )
and RONALD D. HERMAN,               )
                                    )
Defendants.                         )

## DEFENDANT SIONIC MOBILE CORPORATION'S NOTICE OF APPEAL

Defendant Sionic Mobile Corporation appeals to the United States

Court of Appeals for the Eleventh Circuit from the district court's May

9, 2023 order denying Defendant Sionic's Motion for Relief from Order

and Judgment (Doc. 274), the district court's December 16, 2022 Order

granting in part Plaintiff's Motion to Enforce Settlement Agreement as

to Defendant Sionic and directing the Clerk to enter judgment in favor

of Berkeley and against Sionic in the amount of $1,050,000 (Doc. 260),

and the Clerk's December 16, 2022 Judgment. (Doc. 261).

Respectfully submitted this 8th day of June, 2023.

/s/ Carolyn C. Burch
Carolyn "Tippi" Cain Burch
Georgia Bar No. 094515
The Burch Firm, LLC
P.O. Box 335
Columbus, Georgia 31902
404.357.3326
tippiburch@georgiaappealslaw.com

## <u>CERTIFICATE OF COMPLIANCE AND SERVICE</u>

I certify that the foregoing has been prepared in accordance with Local Rule 5.1C, using Century Schoolbook, 14 point.

I further certify that on June 8, 2023, I electronically filed the foregoing **DEFENDANT SIONIC MOBILE CORPORATION'S NOTICE OF APPEAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Jason Brian Godwin
> Godwin Law Group
> 3985 Steve Reynolds Boulevard
> Building D Norcross, GA 30093
> jgodwin@godwinlawgroup.com
>
> Buddy Parker
> Maloy Jenkins Parker
> 1360 Peachtree Street NE
> Suite 910
> Atlanta, GA 30309
> parker@mjplawyers.com

> <u>/s/ Carolyn C. Burch</u>
> Carolyn "Tippi" Cain Burch
> Georgia Bar No. 094515

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BERKELEY VENTURES II, LLC,

    Plaintiff

v.

SIONIC MOBILE CORPORATION
and RONALD D. HERMAN,

    Defendants.

Civil Action No.
1:19-cv-05523-VMC

**ORDER**

This matter is before the Court on the Motion, filed on August 26, 2022, of Plaintiff Berkeley Ventures II, LLC, ("Berkeley") to Enforce Settlement Agreement ("Motion," Doc. 254). Berkeley seeks to enforce against Defendants Sionic Mobile Corporation ("Sionic") and Ronald D. Herman (collectively, "Defendants") the Agreement of Compromise and Settlement and Mutual Release of Claims executed on May 13, 2022 ("Agreement," Doc. 254-1). Defendants filed a Response to the Motion on September 9, 2022 ("Response," Doc. 22). Berkeley filed a Reply in Support of the Motion on September 13, 2022 ("Reply," Doc. 256).

On September 27, 2022, Counsel for Defendants filed a Certificate of Consent to Withdraw as Counsel. ("Certificate," Doc. 257). The Court approved the Certificate on the same day, but entered an Order providing that:

> Defendant Sionic is a corporate entity and thus must be represented by counsel in this action. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986); see also LR 83.1E(2)(b)(I). Therefore, Defendant Sionic is ORDERED to retain new counsel who must file a notice of appearance with the Court within thirty days of the date of entry of this Order. A failure to do so may result in default judgment against Defendant Sionic or the entry of an Order granting, in whole or part, Plaintiff's Motion to Enforce Settlement Agreement (Doc. 254) as unopposed as to Sionic.

(Doc. 258). The Court later extended the deadline to November 29, 2022. No counsel has entered an appearance for Sionic to date. The Court held a telephonic status conference in this case on December 15, 2022. Mr. Herman appeared on his own behalf, but Sionic still had not retained counsel.

For the reasons that follow, the Court will grant Berkeley's Motion as to Defendant Sionic only.

### Legal Standard

"The construction of settlement contracts is governed by state law applicable to contracts in general." *Blum v. Morgan Guar. Tr. Co. of New York*, 709 F.2d 1463, 1467 (11th Cir. 1983) (citing *Florida Educ. Ass'n, Inc. v. Atkinson*, 481 F.2d 662 (5th Cir. 1973)). "Under Georgia law, an agreement alleged to be in settlement and compromise of a pending lawsuit must meet the same requisites of formation and enforceability as any other contract." *Id.* (citing *McKie v. McKie*, 100 S.E. 2d. 580 (Ga. 1957)). "First, there must be a meeting of the minds between the parties

2

concerning all of the essential terms of the agreement." *Id.* (citing O.C.G.A. § 13-3-2). "In order to be entitled to the remedy of specific performance, it is necessary to prove the terms of the agreement in a clear and definite manner, such that 'neither party can reasonably misunderstand them.'" *Id.* (quoting *Green v. Zaring*, 149 S.E. 2d. 115 (Ga. 1966)).

"Even though the 'substantive dimension' of a claim brought in federal court may be governed by state law, 'the right to a jury trial in federal courts is to be determined as a matter of federal law.'" *Ford v. Citizens & S. Nat. Bank, Cartersville*, 928 F.2d 1118, 1121 (11th Cir. 1991) (quoting *Simler v. Conner*, 372 U.S. 221, 222 (1963) (per curiam) and citing *Owens v. Int'l Paper Co.*, 528 F.2d 606, 611 (5th Cir.1976)).

"Under federal law, a district court has 'inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case.'" *Id.* (quoting *Cia Anon Venezolana de Navegacion v. Harris*, 374 F.2d 33, 36 (5th Cir. 1967)). To that end, it is clear that the district court may hold an evidentiary hearing and make factual determinations. *Id.* "[T]he right to have a jury determine issues of fact turns essentially on whether the claim to which those issues relate is legal or equitable." *Id.* (quoting *Hensley v. E.R. Carpenter Co., Inc.*, 633 F.2d 1106, 1110 n. 5 (5th Cir. Unit A 1980)). "The motion to enforce the settlement agreement essentially is an action to specifically enforce a contract." *Id.* at 1122 (quoting *Adams*

3

*v. Johns–Manville Corp.*, 876 F.2d 702, 709 (9th Cir.1989) and citing *Blum*, 709 F.2d

at 1467). "A claim for specific performance is an equitable action." *Id.* (quoting

*Hensley*, 633 F.2d at 1110 n. 5). "This is so even if the party resisting specific

enforcement disputes the formation of the contract." *Id.* (quoting *Adams*, 876 F.2d

at 709–10). "Purely equitable claims, even those involving factual disputes, are

matters to be resolved by the court rather than a jury." *Id.* (quoting *Hensley*, 633

F.2d at 1110 n. 5).

## Discussion

The relevant provision of the Agreement is as follows:

> Sionic shall endeavor to pay the amount specified in
> Schedule 1-A to this Agreement (the 'Settlement
> Amount') no later than 10 business days following the
> Effective Date. Berkeley acknowledges, however, that
> the Settlement Amount is being gathered from more than
> one source into Sionic's applicable bank account, and
> that it may therefore take more than 10 business days for
> Sionic to secure the finalization and clearance into its
> account of the entire Settlement Amount. If Sionic
> requires more than 10 business days, Sionic shall provide
> Berkeley prompt written notice, which notice shall
> include confirmation regarding the date on which Sionic
> expects the Settlement Amount to be ready for payment.
> Sionic shall pay the Settlement Amount in accordance
> with the instructions specific in Schedule 1-B to this
> Agreement....

(See Defs.' Resp. at 2, Doc. 255).

Defendants argue that the Agreement does not fix a specific time for Sionic

to perform, which means that the settlement payment must be made in a

4

reasonable amount of time. (*Id.* at 16) (citing O.C.G.A. §13-4-20 ("Performance, to be effectual, must be accomplished . . . and must be substantially in compliance with the spirit and the letter of the contract and completed within a reasonable time."); *Mansell 400 Assocs., L.P. v. Entex Info. Servs.*, 519 S.E.2d 46, 49 (Ga. Ct. App. 1999) ("If no definite time is stated for the performance of a contract, the presumption is that the parties intended that performance would be had within a reasonable time.")). Defendants argue that [w]hat is "a reasonable time" by which Sionic must pay the Settlement Amount is a question of fact to be determined by a jury under all of the circumstances of the case." (*Id.* at 16) (citing *Berman v. Berman*, 238 S.E.2d 27, 28 (Ga. 1977); *Bearden Mercantile Co. v. Madison Oil Co.*, 58 S.E. 200, 203 (Ga. 1907); *Mansell 400 Assocs.*, 519 S.E.2d at 49 (Ga. Ct. App. 1999)).

As an initial matter, Defendant Sionic is in default for failure to retain counsel. *Palazzo*, 764 F.2d at 1386. The Court provided Sionic with notice that a failure to retain counsel "may result in default judgment against Defendant Sionic or the entry of an Order granting, in whole or part, Plaintiff's Motion to Enforce Settlement Agreement (Doc. 254) as unopposed as to Sionic." (Doc. 258); *Palazzo*, 764 F.2d at 1386 ("Plaintiffs having been fully advised of the need for proper representation of the corporate claims, we agree with the lower court's dismissal of these claims for lack of proper representation.").

"There is of course no right to a jury trial when there is no issue of fact to be tried, and a judgment by default proceeds on that basis." *Bass v. Hoagland*, 172 F.2d 205, 209 (5th Cir. 1949).[1] Moreover, "after a default judgment has been entered under Fed.R.Civ.P. 37(b)(2), a party has no right to jury trial under either Fed.R.Civ.P. 55(b)(2), which authorizes a district court to hold an evidentiary hearing to determine the amount of damages, or the Seventh Amendment." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990) (citing *Henry v. Sneiders,* 490 F.2d 315, 318 (9th Cir.), *cert. denied,* 419 U.S. 832 (1974)).

Because Sionic is in default, it has no right to a jury trial. Instead, the Court determines that a reasonable amount of time has passed since the Agreement was executed on May 13, 2022, over seven months ago, and therefore Sionic is in breach of the Agreement for failing to make the settlement payment. Moreover, the Court finds that the damages for Defendant Sionic's breach are readily ascertainable without further hearing; Schedule 1-A of the Agreement sets forth the settlement amount of $1,300,000.

Berkeley asserts, and Defendants do not contest, that Defendants have made three partial payments:

---

[1] In *Bonner v. City of Pritchard,* 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

- June 3, 2022 – $140,000 to Plaintiff
- June 3, 2022 - $50,000 deposited into the Registry of the Court
- June 8, 2022 - $60,000 to Plaintiff

(Pl.'s Br. Supp. Mot. at 3, Doc. 254; Defs.' Resp. at 12, Doc. 255). This leaves a balance due of $1,050,000. (Pl.'s Br. Supp. Mot. at 3; Defs.' Resp. at 12). The Court will therefore summarily enforce the Agreement as to Sionic by entering judgment in favor of Berkeley and against Sionic in the amount of $1,050,000.[2]

That leaves Defendant Herman. Mr. Herman is not in default. (Doc. 175). He has filed a response to the Motion and is arguably entitled to a jury trial on the question of enforcing the Agreement. (Doc. 255). However, the Court finds that Plaintiff has not met its burden of showing a breach of the Agreement by Mr. Herman as a matter of law.

The Agreement defines "Sionic" as "Sionic Mobil Corporation, a Georgia corporation." (Agreement at 1, Doc. 254-1). It provides that "Sonic shall endeavor to pay the amount Specified in Schedule 1-A to this Agreement (the 'Settlement Amount') no later than 10 business days following the Effective Date." (*Id.* at 3). It provides that payment by Sionic is "complete payment by all Defendant Parties, without any further action or undertaking by any of the Defendant Parties." (*Id.* at

---

[2] Berkeley's proposed judgment provides for an injunction against transferring any assets against both Defendants and for immediate post-judgment discovery (Doc. 254-2). Berkeley points to no provision of the Agreement or law justifying such a remedy, and provides no basis for the Court to waive the automatic stay of enforcement of judgment under Federal Rule of Civil Procedure 62(a).

7

4). Berkeley points to no covenant in the Agreement requiring Mr. Herman to pay

the Settlement Amount.[3] O.C.G.A. § 13-4-20 (Performance, to be effectual, must be

accomplished by the party bound to perform); *Cf. Chastain-Roberts Co. v. Better*

*Brands, Inc.*, 233 S.E.2d 5, 8 (Ga. Ct. App. 1977) ("Where one 'guarantees' another's

debt there must be qualifying words or other evidence of an original

undertaking.") (citing *S. Coal & Coke Co. v. Randall,* 80 S.E. 285, 286 (Ga. 1913)). As

such, Berkeley has not met its burden of showing breach of the Agreement, and

the Court will therefore deny the Motion as to Mr. Herman.

### Conclusion

For the reasons the Court gave, the Court **GRANTS IN PART** the Motion

to Enforce Settlement Agreement (Doc. 254) as to Defendant Sionic and **DENIES**

**IN PART** the Motion as to Defendant Herman. The Clerk is directed to enter

judgment in favor of Berkeley and against Sionic in the amount of $1,050,000, and

---

[3] Moreover, the Agreement releases the Defendant Parties, defined as "the Sionic Party and the Herman Party . . . collectively." (Agreement at 2, 6, Doc. 254). The release of the Defendant Parties is not contingent on any performance by the Defendants. (*Id.* at 6). So, aside from claims under the Agreement, it appears that Berkeley no longer holds any claims against Defendant Herman. Nonetheless, the Court dismisses Berkeley's claims against Mr. Herman without prejudice. The scope of the Agreement's release provision is a question for another day and another court.

8

dismissing all claims against Defendant Herman without prejudice. The Clerk is

directed to close the case.

**SO ORDERED** this 16th day of December, 2022.

Victoria Marie Calvert
United States District Judge

CERTIFICATION
CM/ECF DOCUMENT
I hereby attest and certify that this is a true
and correct printed copy of a document which
was electronically filed with the United States
District Court for the Northern District of
Georgia.

Date Filed: _____ 12/16/2022 _____

By: _____ Deputy Clerk
    Kevin P. Weimer, Clerk of Court

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

BERKELEY VENTURES II, LLC,

          Plaintiff,

vs.

SIONIC MOBILE CORPORATION
AND RONALD D. HERMAN,

          Defendants.

CIVIL ACTION FILE

NO.  1:19-CV-5523-VMC

## J U D G M E N T

This action having come before the Court, Honorable Victoria M. Calvert, United States District Judge,  for consideration of Plaintiff's Motion to Enforce Settlement Agreement, and the Court having granted in part and denied in part said motion, it is

**Ordered and Adjudged** that the plaintiff recover $1,050,000.00 from Defendant Sionic Mobile Corporation.  It is further ordered that all claims against Defendant Ronald D. Herman are dismissed without prejudice.

Dated at Atlanta, Georgia, this 16th day of December, 2022.

          KEVIN P. WEIMER
          CLERK OF COURT

    By:  L. Beck
        Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
December 16, 2022
Kevin P. Weimer
Clerk of Court

By: ____ L. Beck _____
    Deputy Clerk

Exhibit  C  Page 1 of 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BERKELEY VENTURES II, LLC, )
 )
Plaintiff, )
 ) Civil Action No.:
v. ) 1:19-cv-05523-VMC
 )
SIONIC MOBILE CORPORATION )
and RONALD D. HERMAN, )
 )
Defendants. )

## DEFENDANT SIONIC MOBILE CORPORATION'S
## RULE 60 MOTION FOR RELIEF FROM JUDGMENT

COMES NOW Defendant Sionic Mobile Corporation

("Sionic") and files this motion pursuant to Federal Rule of Civil

Procedure 60(b)(6) and respectfully requests relief from this

court's December 16, 2022 Order granting in part Plaintiff's

Motion to Enforce Settlement Agreement as to Defendant Sionic

and directing the Clerk to enter judgment in favor of Berkeley and

against Sionic in the amount of $1,050,000 [Doc. 260] as well as

from the Clerk's Judgment of the same date [Doc. 261].

To the extent that this Court entered a default judgment

against Sionic on the grounds that Sionic had failed to obtain

counsel, Sionic respectfully requests that this Court vacate the default judgment. Sionic made repeated efforts to obtain counsel following the withdrawal of its prior counsel and thought on several occasions that counsel had been obtained – only to learn that counsel would require exorbitant retainer fees, which were unworkable. Further, Sionic submitted briefing on the Motion to Enforce Settlement Agreement through counsel and has now obtained counsel. In *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1386 (11th Cir. 1985), which this Court relied on in finding Sionic to be in default, the corporate litigant had thirty (30) days to secure substitute counsel following the withdrawal of its initial counsel, and when it had not done so after ten months, it was allowed another ten (10) days to secure counsel. It was only after failing to secure counsel after some ten (10) plus months that the lower court in *Palazzo* dismissed the corporate litigant's claims. *Id.* Here. while Sionic acknowledges and is appreciative of the Court extending the time for Sionic to get counsel to effectively allow it sixty (60) days, given the procedural posture of the case and the need to preserve moneys to pay the Settlement Amount

and maintain operations (and not expend moneys on large

retainers), obtaining counsel took longer than anticipated but was

not due to Sionic's lack of effort or any wish by Sionic to ignore the

Court. As the Eleventh Circuit noted in D*avis v. Shepard (In re*

*Strickland & Davis Int'l, Inc.)*, 612 Fed. Appx. 971, 977 (11th Cir.

2015), "a court can hold onto a case for whatever period of time it

chooses to permit a corporation to retain counsel[.]" Here,

respectfully, Sionic simply needed more time (about 100 days

total) and with the benefit of that was able to secure counsel.

Because Sionic has now secured counsel and because Sionic

submitted briefing on the Motion to Enforce Settlement

Agreement through counsel, Sionic respectfully requests that this

Court vacate the default judgment against it on the grounds it

failed to obtain counsel.

Further, because the Settlement Agreement did not fix a

time for payment, whether the Settlement Agreement has been

breached turns on what is a "reasonable amount of time" for

Sionic to pay the Settlement Amount. O.C.G.A. §13-4-20

("Performance, to be effectual, must be accomplished . . . and must

be substantially in compliance with the spirit and the letter of the contract and completed within a reasonable time."); *Mansell 400 Assocs., L.P. v. Entex Info. Servs.*, 519 S.E.2d 46, 49 (Ga. Ct. App. 1999) ("If no definite time is stated for the performance of a contract, the presumption is that the parties intended that performance would be had within a reasonable time.")).  What is "a reasonable time" by which Sionic must pay the Settlement Amount is a question of fact to be determined by a jury under all of the circumstances of the case.  *Berman v. Berman*, 238 S.E.2d 27, 28 (Ga. 1977); *Bearden Mercantile Co. v. Madison Oil Co.*, 58 S.E. 200, 203 (Ga. 1907); *Mansell 400 Assocs.*, 519 S.E.2d at 49 (Ga. Ct. App. 1999)).  This question should be resolved by a jury if the parties cannot resolve their differences.

For these reasons, Sionic respectfully requests relief from this court's December 16, 2022 Order granting in part Plaintiff's Motion to Enforce Settlement Agreement as to Defendant Sionic and directing the Clerk to enter judgment in favor of Berkeley and against Sionic in the amount of $1,050,000 [Doc. 260] as well as from the Clerk's Judgment of the same date [Doc. 261].

Respectfully submitted this 17th day of January, 2023.

/s/ Carolyn C. Burch
Carolyn "Tippi" Cain Burch
Georgia Bar No. 094515
The Burch Firm, LLC
P.O. Box 335
Columbus, Georgia 31902
404.357.3326
tippiburch@georgiaappealslaw.com

## <u>CERTIFICATE OF COMPLIANCE AND SERVICE</u>

I certify that the foregoing has been prepared in accordance with Local Rule 5.1C, using Century Schoolbook, 14 point.

I further certify that on January 17, 2023, I electronically filed the foregoing **DEFENDANT SIONIC MOBILE CORPORATION'S RULE 60 MOTION FOR RELIEF FROM JUDGMENT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Jason Brian Godwin
> Godwin Law Group
> 3985 Steve Reynolds Boulevard
> Building D Norcross, GA 30093
> jgodwin@godwinlawgroup.com

> Buddy Parker
> Maloy Jenkins Parker
> 1360 Peachtree Street NE
> Suite 910
> Atlanta, GA 30309
> parker@mjplawyers.com

> <u>/s/ Carolyn C. Burch</u>
> Carolyn "Tippi" Cain Burch
> Georgia Bar No. 094515